## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

DAVID LAWRENCE LARSEN,

                Plaintiff,

vs.

PROBATION OFFICE, BATTERERS'
EDUCATION PROGRAM, STATE OF
IOWA,

                Defendants.

No. C11-1027-LRR

INITIAL REVIEW ORDER

This matter is before the court on the plaintiff's application to proceed in forma pauperis (docket no. 2). The plaintiff submitted such application on August 2, 2011. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint under 42 U.S.C. § 1983 (docket no. 1). On numerous occasions between August 5, 2011 and October 4, 2011, the plaintiff filed supplements ( docket nos. 3 to 30).

### I.  IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915

Based on the plaintiff's application to proceed in forma pauperis, the court concludes that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk's office shall file the complaint without the prepayment of the filing fee. Although the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a

claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint.  28 U.S.C. § 1915(b)(1).  Based on his statements, the court finds that the plaintiff is unable to pay an initial partial filing fee.  *Id.* Nevertheless, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account."  28 U.S.C. § 1915(b)(2).  The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court.  Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2).  Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff.  *Id.*  The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

## II.  STANDARD OF REVIEW

A pro se complaint must be liberally construed.  *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994).  In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).  A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state

a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g., Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

### III.   CLAIM ASSERTED[1]

Currently confined at the Dubuque County Jail in Dubuque, Iowa, the plaintiff, proceeding pro se, submitted a complaint to redress issues that are related to an injury that he suffered. Jurisdiction is predicated on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears proper as the defendants are located in this district and the events giving rise to the instant action occurred in this district.

In his complaint, the plaintiff makes clear that he is complaining about events that occurred while the defendant attended a court-ordered class at the parole/probation office. He contends that, on March 14, 2011, the lift cylinder in his chair broke and he dropped

---

[1] The court deems it appropriate to address only the plaintiff's original allegations, namely his claims regarding the chair that broke and the claims that concern the violation of the terms of his probation. The court finds that it is appropriate to address the plaintiff's unrelated claims in his lead case, that is, *Larsen v. Vrotsos*, Case #: 2:11-cv-01026-LRR (N.D. Iowa 201_).

approximately twelve inches.  Such drop caused his spine and tail bone to slam down on the chair and caused him to roll half-way out of the chair and onto the floor.  He asserts that, as a result of his fall, he herniated a disk between his shoulder blades.  Additionally, he complains that, approximately a month and a half later, his probation officer and supervisors at the parole/probation office improperly asserted that he violated the terms of his probation and that the truth establishes that he did not commit any violations. Lastly, in his supplements, the plaintiff, among other things, included exhibits (e.g., grievance forms and responses, pictures, medical information, medical release forms, etc.) and repeatedly makes clear that he is contesting the validity of his current confinement. He states that he is only confined because the parole/probation office is trying to cover up the injury that he sustained while attending class.  As relief, the plaintiff states that he wants: (1) the court to order the jail to implement protocol that will prevent any injured inmate from going without prompt acute care when injured; (2) a jury trial; (3) all of his medical bills to be paid; (4) monetary compensation; (5) an attorney to be appointed to represent him; (6) his probation to be dismissed or reinstated; (7) a medical examination from an out-of-state hospital; (8) a transfer to another jail; and (9) a change in venue for his probation hearing.

## IV.  ANALYSIS

### A.  Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

4

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S. Ct. 1905, 60 L. Ed. 2d 508 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

### B.  Plaintiff's Claim

Based on the facts alleged, it is clear that the plaintiff does not state a viable claim under 42 U.S.C. § 1983. In *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), the Supreme Court delineated what constitutes a habeas corpus action as opposed to a 42 U.S.C. § 1983 claim. The plaintiff's label of his action cannot be controlling. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing *Preiser*, 411 U.S. at 489-90). If a plaintiff is challenging the validity of his conviction or the duration of his incarceration and seeking a determination that he is entitled to immediate

or speedier release, a writ of habeas corpus is the only federal remedy available. *Preiser*, 411 U.S. at 500; *Otey v. Hopkins*, 5 F.3d 1125, 1131 (8th Cir. 1993). It is the substance of the relief sought which counts. *Kruger,* 77 F.3d at 1073.

In this action, the plain language of the complaint demonstrates that the plaintiff is challenging the validity of his confinement or the validity of the probation revocation proceedings that were commenced against him. The plaintiff, among other things, complains about events that are related to the proceedings in *State v. Larsen*, Case No. FECR0084418 (Black Hawk County Dist. Ct. 2009).[2] Specifically, the plaintiff complains about having to litigate whether his probation should be revoked and whether he should have to be incarcerated until May 11, 2014.[3]

To the extent that he is seeking compensation in his action against the defendants, a 42 U.S.C. § 1983 cause of action for damages does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal . . ., or called into question by the issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994). The record reflects that the plaintiff is still challenging the revocation of his probation in the Iowa District Court for Black Hawk County and that he has not pursued a direct appeal, relief through some other state court proceeding or habeas relief. Thus, the plaintiff's claims under 42 U.S.C. § 1983 fail as a matter of law. *See, e.g., Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007) (applying "favorable termination" rule of *Heck v. Humphrey*, 512 U.S. at 477); *Portley-El v. Brill*, 288 F.3d 1063, 1066-67 (8th

---

[2] Iowa state court criminal and civil records may be accessed at the following address: http://www.iowacourts.gov/Online_Court_Services/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

[3] The Iowa Department of Corrections provides access to information pertaining to offenders at the following address: http://www.doc.state.ia.us/.

Cir. 2002) (same); *Williams v. Nelson*, 1998 U.S. App. LEXIS 2712 (8th Cir. 1998) (same); *Ladd v. Mitchell*, 1996 U.S. App. LEXIS 18771 (8th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (same).

Construing the action as an application for habeas corpus relief under 28 U.S.C. § 2254, the claim against the defendants shall be dismissed because it is clear that the plaintiff did not file a direct appeal and it does not appear that the plaintiff ever sought post-conviction relief pursuant to Chapter 822 of the Iowa Code. *See generally* Iowa Code § 822.1, *et al.* (providing for post-conviction relief); *see also* Iowa Code § 822.2(1)(e) (permitting a person to challenge the revocation of his probation or parole). Stated differently, dismissal is appropriate because the plaintiff failed to meet the exhaustion requirements of 28 U.S.C. § 2254(b)(1).

Furthermore, regarding the injury that the plaintiff suffered when attending a court-ordered class, the allegations make clear that an accident occurred. But, mere negligence violates neither the Fourteenth Amendment nor the Eighth Amendment. *See Blades v. Schuetzle*, 302 F.3d 801, 804 (8th Cir. 2002) (stating that mere negligence is insufficient to establish a violation of the Eighth Amendment); *Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998) ("[N]egligence is inappropriate as an Eighth Amendment standard."); *Walker v. Reed*, 104 F.3d 156, 157-58 (8th Cir. 1997) (analyzing allegation that plaintiff "slipped and fell" because of water on the floor); *Givens v. Jones*, 900 F.2d 1229, 1232 (8th Cir. 1990) (stating that the Eighth Amendment does not protect against mere acts of negligence on the part of prison officials); *see also Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) (concluding mere negligence in relation to medical treatment does not rise to a constitutional violation); *Taylor v. Bowers*, 966 F.2d 417, 421 (8th Cir. 1992) (stating mere negligent failure to diagnose or treat a condition does not give rise to a valid claim of mistreatment). The plaintiff's contention that his chair broke is akin to an allegation that the defendants acted negligently. Consequently, the record establishes that no constitutional violation occurred.

Additionally, the plaintiff names the State of Iowa, the Batterers' Education Program and the Probation Office as defendants in this action. Not one of the defendants is a "person" for purposes of litigation under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) (holding that a state and its agencies are not "persons" within the meaning of 42 U.S.C. § 1983); *see also McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (making clear that a claim for damages under 42 U.S.C. § 1983 may not be asserted against a state). Consequently, it is appropriate to dismiss the named defendants from the plaintiff's action under 42 U.S.C. § 1983.

Finally, to the extent that the plaintiff is attempting to assert state-law claims, the court declines to exercise supplemental jurisdiction. *See Brown v. Peterson*, 156 Fed. App'x 870, 871 (8th Cir. 2005) (concluding decision to exercise supplemental jurisdiction over state-law claim is discretionary); *see also McLaurin v. Prater*, 30 F.3d 982, 985 (8th Cir. 1994) (indicating subsection (c) of 28 U.S.C. § 1367 clearly gives a court discretion to reject jurisdiction over supplemental claims).

In sum, the plaintiff's action shall be dismissed as frivolous or for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis status (docket no. 2) is granted.

(2) The clerk's office is directed to file the complaint without the prepayment of the filing fee.

(3) The plaintiff need not submit an initial partial filing fee. Nevertheless, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(4) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(5) The plaintiff's 42 U.S.C. § 1983 action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

(6) The dismissal of the instant action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**DATED** this 6th day of October, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO:   **WARDEN/ADMINISTRATOR**
      **Dubuque County Jail, Dubuque, Iowa**

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that David Lawrence Larsen, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Larsen v. Probation Office, et al.*, Case No. C11-1027-LRR.  The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee.  Based on the inmate's account information, the court has not assessed an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Nevertheless,

> the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account.  The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2).  Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

*K Jorgensen*                                           Deputy Clerk
_____

Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa